S91A1400. AMOS PLUMBING & ELECTRIC COMPANY, INC.
v. BENNETT et al.
(411 SE2d 490)

FLETCHER, Justice.

Amos Plumbing and Electric Company, a private water system owner, sued Forsyth County seeking an injunction to prevent the construction of the county water system in two subdivisions and damages for the taking of property without compensation in violation of the Georgia Constitution. The trial court denied the injunction and dismissed the damages claim for failure to state a claim. The sole issue on appeal is whether the county's installation of a competing water system is a taking or damaging of property that requires compensation under the Georgia Constitution. Finding no taking has occurred, we affirm.

In 1967 subdivision developers granted Amos' predecessor "the right to install, maintain, repair, and operate a water system on and along the roads and/or streets of their subdivision." No governmental agency gave the private water company a franchise to furnish water nor did the county agree to refrain from building a competing system. Amos, which acquired the water system in 1987, distributed water in the subdivisions until residents switched to the county water system in 1991.[1] The county did not acquire, interfere with, or physically damage any real or personal property of the private water system when installing the public system. The county built its system along the rights-of-way of streets that the county has maintained since 1978 and designated as county roads in a 1991 road inventory.

The taking clause of the 1983 Constitution provides that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Ga. Const., Art. I, Sec. III, Par. I. Other states with similar constitutional provisions have found a compensable "taking" only when cities and counties construct a public water system that competes with a private water system that has an exclusive franchise or a no-compete contract. See *Mountain v. Pinellas County*, 152 S2d 745, 748 (Fla. Dist. Ct. App.

---

[1] In constructing the county water system, Forsyth County was exercising its power under the State Constitution to distribute water and provide fire protection to its citizens. See Ga. Const., Art. IX, Sec. II, Par. III.

1963); *City of Jackson v. Creston Hills, Inc.*, 252 Miss. 564 (172 S2d 215, 220) (1965); see also *Skaneateles Waterworks Co. v. Skaneateles*, 184 U. S. 354 (22 SC 400, 46 LE 585) (1902) (holding no taking of property without compensation occurred when city erected its own waterworks plant after franchise of private company expired).

Amos did not have a water supply franchise or a no-compete contract with the county. Amos bases its claim to compensation on a contract with subdivision developers who granted its predecessor the right to operate a water system in the area. This contract, however, did not give Amos an "exclusive" right to use the street rights-of-way or create a reasonable expectation that Amos could exclude competitors indefinitely, as Amos contends. "Grants of exclusive privileges will not be raised by inference or implication, or, when expressly granted, extended beyond the exact scope of the grant." 94 CJS 99, Waters, § 252 (1956); see *Helena Waterworks Co. v. Helena*, 195 U. S. 383, 388 (25 SC 40, 49 LE 245) (1904). Thus, the developer's contractual grant to Amos cannot be construed to prevent the county from constructing and maintaining a competing water system.

The only property that Amos has lost from the county's competition is its business with customers who chose to tap on to the county system. As a Texas appellate court explained in a similar case,

> governmental action which causes or results in an individual's loss of business, standing alone, does not constitute a constitutional "taking" of property which gives rise to any right to receive compensation from the sovereign. A person operating a business in, under or over the streets, alleys and other public places within an incorporated municipality without a franchise has no property right in the continued use of such premises for conducting his business.

*Alford v. City of Denton*, 546 SW2d 672, 674 (Tex. Ct. App. — Fort Worth, 1977); cf. *Stillings v. City of Winston-Salem*, 311 N. C. 689 (319 SE2d 233) (1984) (government is not precluded from competing with its own franchisee, despite destroying the value of the franchise).

We hold that a county that installs a competing water system is not required to compensate a private water system owner for property loss of its business with customers under the taking clause of the Georgia Constitution when, as here, the owner has neither an exclusive franchise to supply water nor a no-compete agreement with the county.[2] The trial court properly dismissed Amos' claims for just and

---

[2] We do not determine the state or county's authority to grant a water supply franchise, the validity of an exclusive water franchise, or the enforceability of a no-compete agreement entered with a local government, as these issues are not before us.

adequate compensation for the taking of private property.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED JANUARY 9, 1992.

*Boling, Rice & Bettis, Larry H. Boling, Jeffrey S. Bagley,* for appellant.

*McVay & Stubbs, Robert S. Stubbs III, J. Richard Neville,* for appellees.