A07A2056. JONES v. PUTNAM COUNTY.
(656 SE2d 912)

ADAMS, Judge.

Andrew Richard Jones d/b/a Jones Water System brought a multi-count complaint against Putnam County and its contractor, Southern Trenching, Inc., after the county began competing against Jones to supply water to certain of Jones's customers. The county filed a motion for partial summary judgment as to Counts 4 (inverse condemnation) and 5 (trespass) of the complaint. The trial court granted the county's motion and Jones appeals, contending the trial court erred by granting summary judgment on his inverse condemnation claim.[1]

The following undisputed facts are pertinent here. Jones operates a private water supply system that services residents of the Forest Lake Village Subdivision in Putnam County. Jones and his predecessors, the original subdivision developers, were the exclusive providers of water to the residents of Forest Lake from the time it was constructed in the mid-1970s until the county built a public water system servicing the area in 2005. The county placed its water lines in the same general location as the private water lines, within a 50 foot road rights-of-way, which the original developers had conveyed to the county at the time the subdivision was developed. That conveyance also reserved an easement to the developers in and through the

---

[16] See *Robertson*, supra at 763.

[1] Jones does not challenge the trial court's ruling as to Count 5.

rights-of-way for the purpose of installing a water system network and a right of ingress and egress for the purpose of maintaining the water supply system which is now operated by Jones. However, neither Jones nor the original developers had a no-compete agreement with the county or a franchise to supply water to the subdivision.

After construction of the county's water lines, Jones brought suit against the county and its contractor, Southern Trenching, Inc., seeking damages in the amount of $13,873.70 and attorney fees for damage to his private water lines during the installation of the county's lines (Counts 1-3). Jones's complaint further stated claims against the county for inverse condemnation due to the substantial loss of business caused by the operation of the county's competing water system (Count 4) and in the alternative, trespass, based on the county's action in implementing the water system without his consent and without first acquiring adequate and sufficient property rights (Count 5).

In its order granting summary judgment to the county, the trial court found Jones's inverse condemnation claim to be barred as a matter of law by our Supreme Court's decision in *Amos Plumbing & Elec. Co. v. Bennett*, 261 Ga. 810 (411 SE2d 490) (1992). As the trial court noted, *Amos* involved virtually identical facts: Amos and his predecessor were the sole suppliers of water to the residents of a subdivision from the time it was developed in 1967 until the county built its own water system in 1991. Neither the original private water supplier nor Amos had a franchise to furnish water or a no-compete contract with the county. Id. at 810-811. However, after the residents of the subdivision switched to the county water system, Amos brought suit against the county alleging a taking of his property without compensation in violation of the Georgia Constitution. The trial court dismissed his action for failure to state a claim, and Amos appealed. As framed by our Supreme Court, "[t]he sole issue on appeal is whether the county's installation of a competing water system is a taking or damaging of property that requires compensation under the Georgia Constitution." Id. at 810.

In affirming the trial court, the Supreme Court adopted the reasoning of a Texas appellate court in a similar case. After noting that the only property that Amos has lost from the county's competition is its business with customers who chose to tap on to the county system, the Supreme Court held as follows:

> [G]overnmental action which causes or results in an individual's loss of business, standing alone, does not constitute a constitutional "taking" of property which gives rise to any right to receive compensation from the sovereign. A person

operating a business in, under or over the streets, alleys and other public places within an incorporated municipality without a franchise has no property right in the continued use of such premises for conducting his business. *Alford v. City of Denton*, 546 SW2d 672, 674 (Tex. Ct. App. — Fort Worth, 1977); cf. *Stillings v. City of Winston-Salem*, 311 N.C. 689 (319 SE2d 233) (1984) (government is not precluded from competing with its own franchisee, despite destroying the value of the franchise). We hold that a county that installs a competing water system is not required to compensate a private water system owner for property loss of its business with customers under the taking clause of the Georgia Constitution when, as here, the owner has neither an exclusive franchise to supply water nor a no-compete agreement with the county. The trial court properly dismissed Amos' claims for just and adequate compensation for the taking of private property.

(Footnote omitted.) *Amos Plumbing & Elec. Co.*, 261 Ga. at 811-812.

Jones argues[2] that the trial court's reliance on *Amos* is misplaced because *Amos* stands for the proposition that an inverse condemnation action cannot be maintained when the only damage is loss of business due to competition with the public entity, but *Amos* does not preclude an inverse condemnation action when other damage to property is shown. Jones contends he sustained physical damage to his property (cuts in his water lines) during the construction process and that his water lines will likely be damaged again in the future during the county's maintenance of its lines because of the close proximity of the two systems underground. However, as the county points out, the trial court did not grant summary judgment on Jones's claim seeking compensation on account of physical damage to his property but rather left that claim extant "whether advanced under a theory of trespass or inverse condemnation. . . ." Moreover, in his complaint, Jones's claim of inverse condemnation was based solely on loss of business due to the county's construction and operation of the competing water system; Jones's claim of inverse condemnation was not based on physical damage to his property. Under these circumstances, we agree that the trial court properly granted summary judgment to the county on Jones's claim that the county's operation

---

[2] Although Jones's brief on appeal contains two enumerations of error, it appears that he has combined his argument on these two related enumerations. Our opinion will thus address Jones's argument accordingly.

of a competing water supply system and resulting loss of business was compensable as a taking of his property.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 24, 2008.

*David G. Kopp*, for appellant.

*O'Quinn & Cronin, Michael A. O'Quinn, Kenneth J. Rajotte*, for appellee.